IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02072-CMA-STV

UNITED STATES, ex rel. EL PASO GLASS COMPANY, INC.,

    Plaintiff,

v.

DAVID BOLAND, INC., a Florida corporation, and
WESTERN SURETY COMPANY, a South Dakota corporation,

    Defendants.

## ORDER GRANTING DEFENDANTS' REQUEST FOR A STAY

This matter is before the Court on Defendants' Motion to Dismiss the Amended Complaint or Alternatively to Stay this Action. (Doc. # 10.) For the following reasons, the Court grants Defendants' request for a stay pending the parties' completion of their contractually-mandated mediation procedures.

### I. BACKGROUND

On August 29, 2017, Plaintiff El Paso Glass Company, Inc. commenced this action bringing Miller Act and breach of contract claims against Defendants David Boland, Inc. and Western Surety Company (Defendants). Plaintiff served as the subcontractor on a construction project for which Boland, Inc. was the general contractor. Plaintiff generally contends that Defendants owe Plaintiff $40,000.00 for work that Plaintiff performed in accordance with the parties' Subcontract Agreement (the

Subcontract). Defendants dispute Plaintiff's claims, contending that Defendants are lawfully withholding payment in part because Plaintiff caused significant property damage to the construction project, costing approximately $80,000.00.

On October 18, 2017, Defendants filed a motion to either dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) or to stay this action on the grounds that the parties have yet to engage in mediation as required by the Subcontract. (Doc. # 10.) Plaintiff does not dispute that it failed to engage in mediation prior to filing this lawsuit but nonetheless objects to a dismissal or stay of this action. (Doc. # 18.)

## II. **MOTION TO STAY**

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted). In deciding whether a stay should be granted, the Court is guided by the factors of judicial economy and convenience for the Court, for counsel, and for the parties. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The decision calls for the exercise of sound judgment, weighing competing interests and maintaining an even balance. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1483 (10th Cir. 1983); see also Kansas City So. R. Co. v. United States, 282 U.S. 760, 763 (1931).

In their motion, Defendants argue that the parties' Subcontract expressly requires Plaintiff's claims be submitted to mediation procedures before initiating suit and

provides for a stay of all litigation against Defendants until completion of those procedures.

The Subcontract states in relevant part:

> Any claim arising out of or related to the Subcontract Agreement, other than those subject to Paragraph 13A, above, shall be submitted to the Contractor for an initial decision in its sole discretion. Thereafter, should Subcontractor disagree with the Contractor's decision, such claim shall be subject to non-binding mediation, to be held in Orange County, Florida, as a condition precedent to the institution of legal or equitable proceedings by either party. . . . No legal or equitable proceeding may be filed until the conclusion of the mediation process and the Subcontractor agrees that it will stay any such proceeding that is instituted until the completion of mediation.

(Doc. # 10-1 at 7.) The Contract further provides that

> If the Prime Contract incorporated herein is one for which the Contractor has provided any bond(s) pursuant to 40 U.S.C. § 270a, the "Miller Act," . . . then the Subcontractor expressly agrees to stay any action or claim under this Subcontract Agreement against the Contractor and against the Contractor's surety and its Payment Bond and Performance Bond pending the complete and final resolution of . . . the Subcontract Agreement's mediation procedure, as required by Paragraph 13, above.

The Court finds these provisions clearly and unequivocally state that an attempt at mediation, among other things, is required before commencing an action in this Court. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1242 (11th Cir. 2009) (Under Florida law, "[m]ediation clauses, like arbitration clauses, are contractual in nature, and construction of such provisions is a matter of contract interpretation."); *3–J Hospitality, LLC v. Big Time Design, Inc.*, 09-cv-61077, 2009 WL 3586830, *1 (S.D. Fla. Oct. 27, 2009) ("In interpreting a contract under

Florida law, [courts] give effect to the plain language of contracts when that language is clear and unambiguous.").[1] The Court also finds that the Subcontract expressly provides that this action must be stayed pending the conclusion of the outlined mediation procedures.

It is undisputed that no mediation has occurred or even been attempted in this case. Indeed, Plaintiff does not dispute the validity of these provisions and acknowledges that they require mediation and the imposition of a consequent stay. Plaintiff instead argues that Defendants have waived the Subcontract's mediation requirements and/or that those requirements are futile. In support of its contentions, Plaintiff merely highlights instances where Defendants disputed Plaintiff's requests for payment or did not take Plaintiff's calls. (Doc. ## 18-2, 18-3, 18-4.) Plaintiff adds that it considered mediation futile because it believed that Boland, Inc. was "closing its doors and/or reorganizing." (Doc. # 18 at 13.)

The Court is unconvinced. None of Plaintiff's arguments support waiver or futility in this case.[2] Indeed, Plaintiff cited no legal authority for its arguments that they do. To begin, that Defendants repeatedly disputed the amount of payment owed to Plaintiff does not equate to an express or implied waiver of the parties' contractually agreed upon mediation process. Defendants merely acknowledged that a dispute existed, not

---

[1] It is undisputed that Florida law governs the Court's interpretation of the parties' contract.
[2] Under Florida law, waiver requires the existence of a right, privilege, advantage, or benefit that may be waived, actual or construction knowledge of the right, and the intention to relinquish that right. *Goodwin v. Blu Murray Ins. Agency, Inc.*, 939 So.2d 1098, 1104 (Fla. Dist. Ct. App. 2006). "Waiver may be implied by conduct, but that conduct must make out a clear case." Id. "Under the doctrine of futility, a party may be excused from performing a condition precedent to enforcement of a contract, if performance of the condition would be futile." *Alvarez v. Rendon,* 953 So.2d 702, 708–09 (Fla. Dist. Ct. App. 2007).

that mediation should be disregarded. Nor does a pending closure or reorganization suggest an intent to relinquish Defendants' right to mediation or render the Subcontract's mediation procedures necessarily futile.

The Court therefore finds that the Subcontract's mediation procedures must be attempted before this lawsuit can continue. Thus, a stay of this proceeding pending the completion of those procedures is warranted. This conclusion is buttressed by other court decisions staying similar proceedings based on similar contractual language covering stays in a subcontract. *See, e.g.*, *United States for use & Benefit of Kingston Envtl. Servs., Inc. v. David Boland, Inc.*, No. CV 16-00205 DKW-RLP, 2017 WL 3763519 (D. Haw. Aug. 30, 2017); *United States v. FEDCON Joint Venture*, No. CV 16-13022, 2017 WL 897852 (E.D. La. Mar. 7, 2017); *see also Getchell v. Suntrust Bank*, No. 6:15-CV-1702-ORL-TBS, 2016 WL 740603, at *3 (M.D. Fla. Feb. 25, 2016).

Further, the Court finds that judicial economy will be served, and that parties will not be unduly prejudiced, by a stay. In terms of judicial economy, the use of the Subcontract's mediation procedures may resolve all or part of the dispute, making further proceedings limited or unnecessary. See *Alter v. F.D.I.C.*, No. 2:13-CV-456 TS, 2014 WL 4257768, at *1 (D. Utah Feb. 27, 2014) (finding that stay is supported by judicial economy). In terms of prejudice, while completion of the dispute resolution procedure will undoubtedly delay this matter, the delay was a reasonably foreseeable event given the language of the Subcontract, and it does not rise to a level sufficient to deny the stay. *Gabriel Fuentes Jr. Const. Co. v. Carter Concrete Structures, Inc.*, No. CIV. 14-1473 DRD, 2014 WL 7046519, at *6 (D.P.R. Dec. 12, 2014) (rejecting argument

of prejudice based on delay). Moreover, if the Subcontract's mediation procedures do not resolve Plaintiff's claims, its claims will not be barred or waived and it is free to reopen this action. See, e.g., *United States, for & on behalf of Portland Const. Co. v. Weiss Pollution Control Corp.*, 532 F.2d 1009, 1012 (5th Cir. 1976); *United States v. Dick/Morganti*, No. 07-2564, 2007 WL 3231717, at *3-4 (N.D. Cal. Oct. 30, 2007) (noting that stay pending contractual dispute resolution procedure will not waive subcontractors' right to bring a subsequent claim).

Plaintiff concedes that "some form of alternative dispute resolution would be fruitful at a later stage" (Doc. # 18 at 11); the Court, however, finds that the best time for mediation in this case is now, in accordance with the parties' Subcontract and before either side, or this Court, expends significant time and energy in protracted federal litigation.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Alternative Motion to Stay this Case. (Doc. # 10.)[3] The Court therefore ORDERS that all deadlines in this case are STAYED pending completion of the parties' contractually-mandated mediation procedures.   IT IS

FURTHER ORDERED that the Clerk of the Court shall ADMINISTRATIVELY CLOSE this action pursuant to D.C.COLO.LCivR 41.2.  It is

FURTHER ORDERED that within 7 days of the completion of the parties' contractually-mandated mediation procedures, the parties are DIRECTED to file a

---

[3] Based on this conclusion, the Court declines to address Defendants' alternative request for dismissal of the Plaintiff's Complaint under Rule 12(b)(6).

notice in this Court informing the Court of the outcome of those procedures and requesting either that this case be dismissed or reopened.

DATED: March 30, 2018

BY THE COURT:

*(signature)*
CHRISTINE M. ARGUELLO
United States District Judge